UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

|  |  |  |
|---|---|---|
| WALLACE HINNANT, | : | |
| | : | |
| Petitioner, | : | Case No. 2:19-cv-19028 (BRM) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | **OPINION** |
| | : | |
| Respondent. | : | |

_____:

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Petitioner Wallace Hinnant's ("Petitioner" or "Hinnant") *pro se* motion

to vacate, set aside or correct his federal sentence pursuant to 28 U.S.C. § 2255. (*See* ECF 1.) For

the reasons set forth below and for good cause appearing, Petitioner's § 2255 motion is **DENIED**

and a certificate of appealability shall not issue.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The factual background giving rise to Petitioner's federal convictions is from retired Judge

Cavanaugh's opinion which denied Petitioner's first § 2255 motion in 2008. Judge Cavanaugh

recited the facts underlying Petitioner's crimes as follows:

> Petitioner was a member of the "Sex, Money, Murder" unit within
> the "United Blood Nation" gang (the "Gang"). On May 30, 2003,
> Petitioner and a co-member of the Gang agreed and proceeded to
> rob two individuals ("Victim 1," and "Victim 2," and collectively,
> "Victims"). Petitioner withdrew his firearm as he approached the
> Victims. Petitioner shot Victim 1 as Victim 1 attempted to escape
> and Petitioner ordered Victim 2 to the ground and demanded that
> Victim 2 remove his clothes and shoes. Petitioner then repeatedly
> struck Victim 2's head and face with a handgun. Once Victim 2
> complied by removing his clothes and shoes, Petitioner took Victims
> 2's paraphernalia and fled the scene. Petitioner was promoted to
> third in command of the Gang as a result of the attacks.

*Hinnant v. United States*, No. 07-1783, 2008 WL 2705003, at *1 (D.N.J. July 8, 2008). Petitioner pled guilty to three counts and was sentenced in April 2006 to 207 months imprisonment. Petitioner received a sentence of 87 months imprisonment on Count I and II for attempted murder and assault with a dangerous weapon, both in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(3) and (5) ("Count I" and "Count II"), and a 120-month consecutive for discharging a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) ("Count III"). The crime of violence connected to Count III was Petitioner's violent crime in aid of racketeering ("VICAR") attempted murder conviction in Count I. (*See* ECF No. 10-3 at 9.)

Thereafter, Petitioner filed a notice of appeal in October 2006. (*See* Crim. No. 05-17 ECF 20.) The Third Circuit ultimately determined the notice of appeal was untimely, but remanded the matter back to the District Court to determine whether it should be considered as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. (*See id.* ECF 24.) On August 6, 2007, Judge Hochberg construed the notice of appeal as a § 2255 motion.[1] (*See id.* ECF 25.) Nevertheless, prior to Judge Hochberg's August 6, 2007, Petitioner had filed a § 2255 motion in April 2007, which was assigned to Judge Cavanaugh. (*See* No. 07-1783.) Subsequently, the matter before Judge Hochberg (No. 07-3690) was terminated as duplicative, and the matter proceeded before Judge Cavanaugh.

Judge Cavanaugh denied Petitioner's § 2255 motion in August 2008. *See Hinnant*, 2008 WL 2705003. Petitioner did not appeal Judge Cavanaugh's decision to the United States Court of Appeals for the Third Circuit.

---

[1] Petitioner was originally convicted by Judge Bassler who retired shortly after Petitioner was sentenced in 2006.

In August 2019, Petitioner filed an application for leave to file a second or successive § 2255 motion with the Third Circuit. (*See* C.A. No. 19-2908.) On October 9, 2019, the Third Circuit granted Petitioner's request and this matter was opened in this Court on the same day.

Petitioner seeks to have Count III of his judgment of conviction reversed. More specifically, Petitioner states this conviction is unconstitutional pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019) because 18 U.S.C. § 924(c)(3)(B) has been determined by the United States Supreme Court to be void for vagueness. (*See* ECF 1 at 4.) Respondent filed a response in opposition to Petitioner's § 2255 motion. (*See* ECF 10.) Respondent argues Petitioner's *Davis* claim is: (1) procedurally defaulted; and/or (2) fails on the merits. Thereafter, Petitioner filed a reply in support of his § 2255 motion. (*See* ECF 11 & 12). The matter is now ready for a decision.

## II.   LEGAL STANDARDS

A motion to vacate, set aside or correct a sentence of a person in federal custody pursuant to 28 U.S.C. § 2255 entitles a prisoner to relief if "the court finds . . . [t]here has been such a denial or infringement of the constitutional rights of the prisoner as to render judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). "In considering a motion to vacate a defendant's sentence, 'the court must accept the truth of the movant's factual allegations unless they are clearly frivolous based on the existing record.'" *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (quoting *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)) (citing R. Governing § 2255 Cases R. 4(b)). A District Court "is required to hold an evidentiary hearing 'unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.'" *Id.* (quoting *Forte*, 865 F.2d at 62). The Third Circuit has stated this standard creates a "reasonably low threshold for habeas petitioners to meet." *Id.* (quoting *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005) (quoting *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001))). Accordingly,

this Court abuses its discretion "if it fails to hold an evidentiary hearing when the files and records

of the case are inconclusive as to whether the movant is entitled to relief." *Id.* (citing *McCoy*, 410

F.3d at 134). Nevertheless, a District Court need not hold an evidentary hearing on a motion to

vacate where "the motion and files and records of the case conclusively show that the prisoner is

entitled to no relief."  28 U.S.C. § 2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir.

2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992).

## III.   DECISION

Respondent argues Petitioner's *Davis* claim is procedurally defaulted because he could

have, but did not raise this claim on direct appeal. "A petitioner's failure to raise a particular error

either at trial or on direct appeal generally precludes the assertion of that error for the first time in

a collateral attack under Section 2255." *Kikumura v. United States*, 978 F. Supp. 563, 574 (D.N.J.

1997); *see also Oelsner v. United States*, 60 F. App'x 412, 414 (3d Cir. 2003) ("Procedural default

bars a defendant from raising new claims in his § 2255 motion."). Indeed, the United States

Supreme Court has held a collateral attack under § 2255 is not a substitute for a direct appeal. *See*

*Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (Alito, J. concurring) (quoting *United States v.*

*Frady*, 456 U.S. 152, 165 (1982)). If a § 2255 motion "rests on issues not raised at trial or on direct

appeal, the petitioner bears the burden of demonstrating both 'cause' to excuse the procedural

default and that 'actual prejudice' will result from the errors at issue." *Kikumura*, 978 F. Supp. at

574-75 (citing *Frady*, 456 U.S. at 167). As one court in this District has noted:

> To show "cause," a petitioner must demonstrate "'some objective
> factor external to the defense' that impeded his or her ability to raise
> the issue [on direct appeal]." *Salcedo v. United States,* No. 04–4527,
> 2005 WL 2654083, at * 3 (D.N.J. Oct. 13, 2005) (quoting *Coleman*
> *v. Thompson,* 501 U.S. 722, 753, 111 S .Ct. 2546, 115 L. Ed. 2d 640
> (1991)) (internal quotation marks omitted). For example, "a
> showing that the factual or legal basis for a claim was not reasonably
> available to counsel . . . , or that some interference by officials . . .

> made compliance impracticable, would constitute cause under this standard." *Coleman,* 501 U.S. at 753 (internal quotation marks and citations omitted); *cf. Murray v. Carrier,* 477 U.S. 478, 486, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986) ("[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for [excusing] a procedural default.").

*Rudow v. United States*, No. 11-5741, 2012 WL 2891075, at *2 (D.N.J. July 16, 2012). "To show actual prejudice, a defendant must 'demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.''" *United States v. Jimenez-Segura*, No. 16-805, 2020 WL 4514584, at *8 (E.D. Va. Aug. 4, 2020) (quoting *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 494, 106 S. Ct. 2639, 91 L .Ed. 2d 397 (1986))). Alternatively, a petitioner can also overcome procedural default if he can establish "actual innocence." *See Bousley v. United States*, 523 U.S. 614, 622-23 (1998).

Petitioner did not argue on direct appeal his conviction under Count III should be vacated because § 924(c)(3)(B) is void for vagueness. As to whether Petitioner has shown "cause" to overcome this, many courts have noted a petitioner adequately establishes cause in this circumstance because *Davis* (and relatedly *Johnson v. United States*, 576 U.S. 591 (2015)) was decided well after a petitioner's judgment of conviction became final. *See, e.g., Hammoud v. United States*, No. 19-2541, 2020 WL 3440649, at *2-3 (M.D. Fla. June 23, 2020); *United States v. Harris*, 205 F. Supp. 3d 651, 658-59 (M.D. Pa. 2016). In these cases then, a void for vagueness argument was not *reasonably available* at the time of a petitioner's direct appeal. This Court will presume *arguendo* Petitioner has adequately established cause for similar reasons as those courts. Nevertheless, for the reasons described below, even if Petitioner has established cause for his procedural default, he fails to show actual prejudice.

In Count III, Petitioner was convicted of discharging a firearm in connection with a crime

of violence, a violation of 18 U.S.C. § 924(c)(1)(A)(iii). Section 924(c) criminalizes the use,

carrying or possession of a firearm in furtherance of a drug trafficking crime or crime of violence.

As no drug trafficking offense was involved in this matter, this Court is most concerned with the

statute's definition of a "crime of violence." As explained by the Supreme Court in *Davis*, a crime

will qualify as a crime of violence only when it satisfies one of two alternative clauses – the

statute's elements clause, § 924(c)(3)(A), or the statute's residual clause, § 924(c)(3)(B). *See*

*Davis*, 139 S. Ct. at 2324. In *Davis*, the Supreme Court invalidated the residual clause of 18 U.S.C.

§ 924(c) as unconstitutionally vague, but left in place the statute's elements clause. *See Davis*, 139

S. Ct. at 2325-33. Therefore, after *Davis*, a crime will still qualify as an underlying crime of

violence for a § 924(c) charge where it meets the elements clause of § 924(c). *See Davis*, 139 S.

Ct. at 2325-33.

Under the elements clause, a crime constitutes a valid "crime of violence" where the

"offense is a felony" and it "has as an element the use, attempted use, or threatened use of physical

force against the person or property of another." *See id.* at 2324. Neither party contests VICAR

attempted murder is a felony. Therefore, if VICAR attempted murder has as an element the use,

attempted use, or threatened use of force, it will remain a valid predicate offense for Petitioner's

§ 924(c) conviction in Count III.

> To determine whether an offense is a crime of violence, courts
> employ what has come to be known as the "categorical approach."
> *Taylor v. United States*, 495 U.S. 575, 600, 110 S. Ct. 2143, 109 L.
> Ed. 2d 607 (1990); *see also Mathis v. United States*, – U.S. –, 136
> S. Ct. 2243, 2248–49, 195 L. Ed. 2d 604 (2016) (outlining the
> categorical approach); *Descamps v. United States*, 570 U.S. 254,
> 257, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013) (same); *United States
> v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006) (per curiam) (applying
> the categorical approach to determine whether a predicate crime was
> a "crime of violence" under § 924(c) ). We have explained that the

> categorical approach is "'not only consistent with both precedent and sound policy' but[ ] also ... 'necessary in view of the language of the applicable statutes.'" *Vargas–Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 167 (2d Cir. 2006) (quoting *Jobson v. Ashcroft*, 326 F.3d 367, 372 (2d Cir. 2003)). . . .
>
> Under the categorical approach, courts identify "the minimum criminal conduct necessary for conviction under a particular statute." *Acosta*, 470 F.3d at 135. In doing so, courts "'look only to the statutory definitions'—*i.e.*, the elements—of [the] . . . offense[ ], and *not* 'to the particular [underlying] facts.'" *Descamps*, 570 U.S. at 261, 133 S .Ct. 2276 (quoting *Taylor*, 495 U.S. at 600, 110 S. Ct. 2143); *see also Acosta*, 470 F.3d at 135 ("[W]e focus on the intrinsic nature of the offense rather than on the circumstances of the particular crime."). The reviewing court "cannot go behind the offense as it was charged to reach [its] own determination as to whether the underlying facts" qualify the offense as, in this case, a crime of violence. *Ming Lam Sui v. INS*, 250 F.3d 105, 117–18 (2d Cir. 2001) (quoting *Lewis v. INS*, 194 F.3d 539, 543 (4th Cir. 1999)).

*United States v. Hill*, 890 F.3d 51, 55–56 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 844, 202 L. Ed. 2d 612 (2019) (footnote omitted); *see also United States v. Johnson*, 899 F.3d 191, 203 (3d Cir. 2018).

The underlying "crime of violence" in Count III is Petitioner's conviction in Count I - VICAR attempted murder pursuant to 18 U.S.C. 1959(a)(5). "A VICAR violation requires an underlying state [or federal] law offense, i.e., someone 'murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do.'" *United States v. Baca*, 447 F. Supp. 3d 1149, 1203 (D.N.M. 2020) (quoting 18 U.S.C. § 1959)(a)). As noted by the Third Circuit though:

> [T]he statutory language of VICAR is broad, in that it covers violent crimes that might otherwise be prosecuted by local authorities. A violation under this statute has five elements: (1) there was an "enterprise," (2) that engaged in "racketeering activity," (3) affecting interstate or foreign commerce (jurisdictional element), (4) and the defendant committed a crime of violence, (5) "for the

> purpose of gaining entrance to or increasing or maintaining his
> position in the enterprise."

*United States v. Jones*, 566 F.3d 353, 363 (3d Cir. 2009) (quoting 18 U.S.C. § 1959(a)). The

underlying state law offense giving rise to the VICAR conviction in Count I was attempted murder

under N.J. Stat. Ann. § 2C:11-3(a)(1) & (2). These provisions of New Jersey's murder statute

provide a person commits criminal homicide when he purposely or knowingly causes death or

serious bodily injury resulting in death. *See id.* This meets the definition of a crime of violence

under the elements clause of § 924(c). *See, e.g.*, *United States v. Castleman*, 572 U.S. 157, 170

(2014). The Supreme Court's decision in *Castleman* is instructive on this point. Indeed, as aptly

explained by the Fifth Circuit:

> In *Castleman*, the Supreme Court considered the "crime of
> violence" definition of 18 U.S.C. § 922(g)(9), which is nearly
> identical to the elements clause as it requires that an offense have
> "as an element, the use or attempted use of physical force." *Id.* at
> 161, 134 S. Ct. at 1409 (quoting § 921(a)(33)(A)(ii)); *cf.* 18 U.S.C.
> § 924(c)(3). Pointing to *Johnson I*, the High Court explained that
> "'physical force' . . . encompasses even its indirect application." *Id.*
> (quoting *Johnson I*, 559 U.S. at 138, 130 S. Ct. 1265). The fact
> "[t]hat the harm occurs indirectly, rather than directly (as with a kick
> or punch), does not matter." *Id.* Consequently, the Court held that
> "the knowing or intentional causation of bodily injury necessarily
> involves the use of physical force." *Id.* at 170, 134 S. Ct. 1405. It is
> the specific intent of the attempt in completing the commission of a
> violent crime, here, being murder, that is most important.

*United States v. Smith*, 957 F.3d 590, 595 (5th Cir. 2020). In *Smith*, the Fifth Circuit noted common

sense dictated murder is categorically a crime of violence under § 924(c)'s elements clause. *See*

*id.*; *see also In re Awami*, 780 F. App'x 301, 306 (6th Cir. 2019) ("[i]t cannot be seriously argued

that murder is anything other than a crime of violence."). Indeed, as the Fifth Circuit explained,

"[t]he phrase "physical force" means "*violent* force—that is force capable of causing physical pain

or injury to another person." *Johnson I*, 559 U.S. at 140, 130 S.Ct. 1265 (emphasis in original)

. . . . [A] person uses physical force when he knowingly or intentionally applies or employs a force

capable of causing physical pain or injury." *Smith*, 957 F.3d at 595 (citation omitted). The Fifth

Circuit's reasoning is persuasive. New Jersey's murder statute constitutes a crime of violence

under § 924(c)'s elements clause.

The fact Petitioner was convicted of VICAR *attempted* murder rather than murder does not

change this result. As again dutifully explained by the Fifth Circuit in *Smith*:

> When a substantive offense would be a crime of violence under 18
> U.S.C. § 924(c)(3)(A), an attempt to commit that offense is also a
> crime of violence." *United States v. Dominguez*, 954 F.3d 1251,
> 1261 (9th Cir. 2020). Other sister circuits follow this line of
> reasoning. *See Hill v. United States*, 877 F.3d 717, 719 (7th Cir.
> 2017), *cert. denied*, ––– U.S. –––, 139 S. Ct. 352, 202 L.Ed.2d 249
> (2018) (considering Illinois's attempted murder statute and holding
> that "[w]hen a substantive offense would be a violent felony under
> § 924(e) [under Armed Career Criminal Act (ACCA) ] and similar
> statutes, an attempt to commit that offense is also a violent felony.");
> *United States v. St. Hubert*, 909 F.3d 335, 352 (11th Cir. 2018)
> ("Given ... the rule that conviction of attempt requires proof of intent
> to commit all elements of the completed crime, attempted Hobbs
> Act robbery qualifies as a crime of violence under § 924(c)(3)(A).")
> (internal quotation and citation omitted).

*Smith*, 957 F.3d at 595 (5th Cir. 2020); *see also Herrera-Genao v. United States*, Nos. 16-3786,

16-3810, 16-3787, 19-17219, 2020 WL 2520281, at *4 (D.N.J. May 18, 2020). The reasoning of

these courts is also persuasive for holding Petitioner's VICAR *attempted murder* conviction

constitutes a crime of violence under the elements clause.

In his reply, Petitioner cites to *United States v. McCollum*, 885 F.3d 300 (4th Cir. 2018) to

argue VICAR conspiracy to murder does not constitute a crime of violence under § 924(c)'s

elements clause. The charging information document does in fact allude to both New Jersey's

conspiracy and murder statutes (*see* ECF 10-2 at 3). Nevertheless, any ambiguity regarding

whether the underlying state law crime to support the VICAR conviction was *conspiracy to murder*

as opposed to *attempted murder* is expressly negated by the plea agreement and plea colloquy

itself. For example, the plea agreement stated Petitioner was pleading guilty to VICAR *attempted*

9

*murder*. (*See* ECF 10-3 at 1, 2, 8, 9). Furthermore, during the plea colloquy, Judge Bassler specifically noted the crime for Count I was VICAR *attempted murder*. (*See* ECF 10-1 at 20.) Petitioner affirmatively stated during the plea colloquy he was pleading guilty to *attempted murder*. (*See id.* at 25.) Accordingly, this Court rejects Petitioner's reliance on *McCollum*. It is clear Petitioner was convicted of VICAR *attempted murder*, not VICAR *conspiracy to murder*.

Petitioner fails to show actual prejudice to excuse procedural default. Furthermore, he fails to show he is actually innocent of his § 924(c) conviction in Count III. Accordingly, he has not established procedural default should be excused.[2] Therefore, his § 2255 motion is denied.

IV.     **OUTSTANDING MOTIONS/APPLICATIONS**

After this Court screened Petitioner's § 2255 motion, Petitioner filed several applications/motions which remain pending; most notably: (1) application for pro bono counsel (ECF No. 3); (2) motion for entry of judgment (ECF No. 4); (3) and motion to reconsider this Court's grant of Respondent's request for an extension of time to file its response (ECF No. 9). Each of these motions is considered in turn.

Petitioner does not have a constitutional right to counsel in habeas proceedings. *See Reese v. Fulcomer,* 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute,* 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides the court has discretion to appoint counsel where "the court determines that the interests of justice so require." In *Reese,* the Third Circuit explained in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual

---

[2] Additionally, even if this Court were to bypass the procedural default issue, Petitioner's *Davis* claim would still fail on the merits for the reasons given above, namely his VICAR attempted murder conviction constitutes a crime of violence under § 924(c)'s elements clause.

and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present

claims." *Reese,* 946 F.2d at 263-64. Petitioner's request for the appointment of pro bono counsel

is denied as he fails to show he is entitled to relief on his § 2255 motion.

Petitioner also is not entitled to an entry of judgment in his favor. Indeed, as explained

above, his § 2255 motion does not entitle him to relief. Accordingly, his motion for entry of

judgment is denied.

Finally, in early 2020, Respondent sought and received a one-time extension of time to file

a response to Petitioner's § 2255 motion. (*See* ECF No. 6 & 7). Petitioner seeks reconsideration

on the grant of Respondent's extension of time request. (*See* ECF No. 9.)

Local Civil Rule 7.1 allows a party to seek a motion for re-argument or reconsideration of

"matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has

overlooked." L.Civ.R. 7.1(i). To prevail on a motion for reconsideration, the movant must show:

"(1) an intervening change in the controlling law; (2) the availability of new evidence that was not

available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear

error of law or fact or to prevent manifest injustice." *U.S. ex rel. Shumann v. Astrazeneca Pharm.*

*L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v.*

*Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for

reconsideration is high and relief is to be granted sparingly. *United States v. Jones*, 158 F.R.D.

309, 314 (D.N.J. 1994). "The Court will grant a motion for reconsideration only where its prior

decision has overlooked a factual or legal issue that may alter the disposition of the matter. The

word 'overlooked' is the operative term in the Rule." *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F.

Supp. 2d 475, 478 (D.N.J. 2014) (internal citations and quotation marks omitted). Mere

11

disagreement with the Court's decision is not a basis for reconsideration. *See United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

Petitioner's motion for reconsideration does not state an intervening change of controlling law nor the availability of new evidence which was not available when this Court granted Respondent's request for an extension of time to file a response. Furthermore, "[i]t is important to note that district courts have wide discretion in the management of their cases." *United States v. Wecht*, 484 F.3d 194, 217 (3d Cir. 2007). Given this wide discretion, this Court does not need to correct a clear error of law or prevent manifest injustice. Indeed, no manifest injustice occurred by this extension given Petitioner is not entitled to relief on his § 2255 motion. Accordingly, the motion for reconsideration is also denied.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In *Slack v. McDaniel,* 529 U.S. 473, 484 (2000), the United States Supreme Court held: "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Petitioner has not met the standard for a COA.

## VI.     CONCLUSION

Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. A certificate of appealability shall not issue. Petitioner's outstanding: (1) application for the appointment of pro bono counsel; (2) motion for entry of judgment; and (3) motion for reconsideration are also denied. An appropriate order will be entered.

DATED: October 23, 2020                                              */s/Brian R. Martinotti*
                                                                              **BRIAN R. MARTINOTTI**
                                                                              **UNITED STATES DISTRICT JUDGE**